[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11130
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cr-00033-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGGIE MCDANIEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(June 23, 2014)

Before CARNES, Chief Judge, TJOFLAT and WILSON, Circuit Judges.

PER CURIAM:

Reggie McDaniel appeals his 52-month sentence, which was imposed after he pleaded guilty to one count of possession with intent to distribute cocaine, in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(C).  The district court imposed that sentence consecutive to the sentence that the State of Georgia imposed when it revoked his parole.  McDaniel contends that his sentence is procedurally and substantively unreasonable.  He also contends that the district court abused its discretion by not granting him a downward departure.

I.

McDaniel asserts that his sentence is procedurally unreasonable for three reasons:  (1) the district court incorrectly believed that it was required to impose a consecutive sentence; (2) the court did not adequately explain the reasons behind the sentence it imposed; and (3) the court improperly failed to consider McDaniel's age at the time he committed his previous crimes.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 41, 128 S.Ct. 586, 591 (2007).  In reviewing the procedural reasonableness of a sentence, we ensure that the district court properly calculated the guideline range, treated the United States Sentencing Guidelines as advisory, considered the 18 U.S.C. § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence.  Id. at 51, 128 S.Ct. at 597.  The fact that a district court does not

2

explicitly address or analyze a § 3553(a) factor does not necessarily mean that the court failed to consider it.  See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).  It is sufficient if a district court states that it considered the parties' arguments and the § 3553(a) factors.  United States v. Irey, 612 F.3d 1160, 1195 (11th Cir. 2010) (en banc).

When the district court imposes a term of imprisonment on a defendant who is already subject to an undischarged term of imprisonment, the court has discretion to run the terms either concurrently or consecutively.  18 U.S.C. § 3584(a).  In determining whether to run the terms concurrently or consecutively, however, the court must again consider the § 3553(a) factors.  Id. § 3584(b). Where a federal defendant is on state parole at the time he commits a federal offense, the sentencing guidelines recommend that the sentence for the new, federal offense run consecutively to any sentence imposed by the state as a result of the revocation of the defendant's parole.  U.S.S.G. §§ 5G1.3 cmt. n.3(C); 7B1.3(f) & cmt. n.4.

McDaniel's sentence is not procedurally unreasonable.  McDaniel first contends that district court procedurally erred by treating as mandatory, instead of discretionary, its decision to impose a consecutive sentence.  The record does not support that contention.  When McDaniel requested that his federal sentence run concurrently with his state sentences, the district court stated that it "gave that

3

[issue] some thought," and it thought that "this needs to be run consecutive." If the court had been treating the decision to run the sentence consecutively as predetermined, there would have been nothing to "think" about. The court's decision was an exercise of discretion.

McDaniel next contends that the district court did not adequately explain its reasons for imposing a consecutive sentence. We disagree. The court clearly explained that U.S.S.G. § 5G1.3 cmt. n.3(C) recommended a consecutive sentence for someone in in McDaniel's situation. The court also twice stated that "[i]n imposing the sentence in this case" it had "considered the sentencing factors found at 18 U.S.C. Section 3553(a)." It gave adequate reasons for imposing a consecutive sentence on McDaniel.

McDaniel last contends that district court procedurally erred in not considering how old he was when he committed his previous drug crimes. That contention lacks merit. As already mentioned, the district court twice said that "[i]n imposing the sentence in this case" it had "considered the sentencing factors found at 18 USC Section 3553(a)." That statement indicates that the court considered all of the 3553(a) factors, including "the history and characteristics of the defendant," which would include McDaniel's age when he committed his earlier crimes. See 18 U.S.C. § 3553(a)(1). Other statements by the court only reinforce that point. When McDaniel asked the court to "consider . . . his age

4

when he was first sentenced on those three counts in 2005," the court knowingly

replied that "he was 17." The record contradicts McDaniel's contention.

For all of these reasons, McDaniel's sentence is not procedurally

unreasonable.

## II.

McDaniel contends that his sentence is substantively unreasonable because

the district court relied on an overstatement of his criminal history, which caused it

to improperly weigh the § 3553(a) factors. The party challenging the sentence has

the burden of establishing that it is substantively unreasonable. United States v.

Dean, 635 F.3d 1200, 1203–04 (11th Cir. 2011).

A district court abuses its discretion when it fails to afford consideration to

relevant factors that were due significant weight, gives significant weight to an

improper or irrelevant factor, or commits a clear error of judgment in considering

the proper factors. Irey, 612 F.3d at 1189. We reverse only if "left with the

definite and firm conviction that the district court committed a clear error of

judgment in weighing the § 3553(a) factors by arriving at a sentence that lies

outside the range of reasonable sentences dictated by the facts of the case." Id.

at 1190 (quotation marks omitted).

McDaniel has not established that his sentence is substantively

unreasonable. The record does not support his assertion that the district court

5

relied on an overstatement of his criminal history and, as a result, improperly weighed the § 3553(a) factors.[1]  The court correctly noted that he had three prior drug convictions, and his present offense involved his possession of 249.9 grams of crack cocaine with the intent to distribute it.  With that sort of a criminal history, the district court was stating the obvious when it said that McDaniel is a "man who is involved in drugs."  And the district court did not err in concluding that, in light of the seriousness of McDaniel's criminal history, a custodial sentence in the guidelines range was necessary to promote respect for the law, provide just punishment, and deter him from further criminal activity.  18 U.S.C. § 3553(a)(2). McDaniel's 52-month sentence is in the middle of his advisory guidelines range of 46–57 months, and we ordinarily expect a sentence within the guidelines range to be reasonable.  See United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).  His sentence is also well below the 30-year statutory maximum, which is another indicator of its reasonableness.  See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).  McDaniel's sentence is not substantively unreasonable.

---

[1] The district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  Id. § 3553(a)(1), (3)–(7).

III.

Finally, McDaniel challenges the district court's refusal to grant him a downward departure under U.S.S.G. § 4A1.3(b)(1).  We are required to address our jurisdiction sua sponte, and we consider it de novo.  United States v. Lopez, 562 F.3d 1309, 1311 (11th Cir. 2009).  We have jurisdiction to review the denial of a downward departure only insofar as a defendant contends that the district court incorrectly believed that it lacked the authority to depart downward.  United States v. Winingear, 422 F.3d 1241, 1245–46 (11th Cir. 2005).  McDaniel does not argue that the district court failed to recognize its authority to depart downward.  Instead, he argues that the district court abused its discretion by refusing to grant him a downward departure under U.S.S.G. § 4A1.3(b).  We lack jurisdiction to decide that issue.

**AFFIRMED.**